JUSTIN CEPHUS,                          )
                                        )
Plaintiff,                              )
                                        )
vs.                                     )     CAUSE NO. 2:14-CV-198
                                        )
JOHN E. MARTIN, *et al.*,               )
                                        )
Defendants.                             )

## OPINION AND ORDER

This matter is before the court on the complaint filed by Justin Cephus, a *pro se* prisoner, on June 9, 2014. This is a *Bivens* action alleging that his four federal criminal defense attorneys in *United States v. Cephus*, 2:09-cr-43 (N.D. Ind. filed March 5, 2009) "refuse to provide my client file." DE 1 at 3. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, the court must review prisoner complaints pursuant to 28 U.S.C. § 1915A.

"Actions under [42 U.S.C.] § 1983 and those under . . . *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), are identical save for the replacement of a state actor (§ 1983) by a federal actor (*Bivens*)." *Bieneman v. Chicago*, 864 F.2d 463, 469 (7th Cir. 1988) (parallel citations omitted). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants

deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Thus, to state a claim in a *Bivens* action, the plaintiff must allege that the defendant deprived him of a federal constitutional right while acting under color of federal law.

However, a criminal defense attorney, even an appointed public defender, does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981). So too, a criminal defense attorney does not act under color of federal law. Therefore, Cephus has not stated a *Bivens* claim and this case must be dismissed.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs*., 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.") Such is the case here because no amendment could cure the fact that these defendants were not acting under color of federal law.

For the reasons set forth above, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

DATED: June 10, 2014                    /s/RUDY LOZANO, Judge
                                        United State District Court